UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WENDELL ROY MITCHELL, TDCJ #01368068, Plaintiff, | § § § § | |
| VS. | § | CIVIL ACTION NO. H-23-02872 |
| BRIAN COLLIER, *et al.*, Defendants. | § § § § § | |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Wendell Roy Mitchell (TDCJ #01368068) is an inmate in custody of the Texas Department of Criminal Justice ("TDCJ"), presently incarcerated at the Michael Unit in Tennessee Colony, Texas. Plaintiff filed this 188-page, hand-written civil rights action, citing 42 U.S.C. § 1983 and several other laws and documents. Doc. No. 1. He names TDCJ Executive Director Bryan Collier and a plethora of other public figures, including Governor Greg Abbott, Donald J. Trump, Barack Obama, and Joseph Biden, as defendants. *See* Doc. No. 1. He has not paid the fee and moves for leave to proceed *in forma pauperis*. Doc. No. 6. After reviewing the pleadings and relevant court records, the Court concludes that this case must be dismissed under 28 U.S.C. § 1915(g).

### I. DISCUSSION

Under the "three strikes" provision in 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious, or for failure to

1 / 3

state a claim for which relief may be granted, unless he is in "imminent danger of serious physical injury." *Id.* Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Plaintiff is a "three strikes" inmate who is barred from proceeding *in forma pauperis* pursuant to section 1915(g). *See, e.g., Mitchell v. Livingston, et al.*, Civ. A. No. H-15-3268 (S.D. Tex. Jan. 27, 2016) (dismissing case for failure to state a claim upon which relief may be granted); *Mitchell v. Livingston, et al.*, Civ. A. No. 4:17-cv-1998 (S.D. Tex. Jul. 5, 2017) (dismissing case under 28 U.S.C. § 1915A as frivolous or malicious); *Mitchell v. Collier, et al.*, Civ. A. No. H-21-1025 (S.D. Tex. Apr. 20, 2021) (dismissing case as frivolous under 28 U.S.C. § 1915(e) because "the pleadings are unintelligible and bizarre") (citing *Denton v. Hernandez*, 504 U.S. 25, 23-33 (1992) as defining "frivolous" to include "allegations that are fanciful, fantastic, irrational, or wholly incredible"). The pleadings in this case, which are also "unintelligible and bizarre" and do not state a claim for which relief may be granted, do not show that Plaintiff is under imminent danger of serious physical injury or that he fits within the exception found in 28 U.S.C. § 1915(g). Because Plaintiff is not eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by § 1915(g). The plaintiff may move to reopen this case *only if* he pays the **$402.00** filing fee and places his allegations in a "short and plain statement

of the claim[s] showing that the pleader is entitled to relief" on a form for civil rights claims under 42 U.S.C. § 1983. *See* FED. R. CIV. P. 8.

## II. ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 6) is **DENIED**, and this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

2. Plaintiff's Motions for Initial Discovery (Doc. No. 3), Motion to Proceed *In Absentia* of Administrative Exhaustion (Doc. No. 4), and Motion for Preliminary Injunctive Restraining Order (Doc. No. 5) are **DENIED as MOOT**.

3. All other pending motions, if any, are **DENIED** as **MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at ~~Houston, Texas~~, this 10th day of August 2023.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE